UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY D. WEINLEY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:20-CV-932-JD-MGG |

OPINION AND ORDER

Timothy D. Weinley, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for criminal confinement under Case No. 35D01-1809-F6-228. Following a guilty plea, on January 22, 2019, the Huntington Superior Court sentenced him to two years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Weinley asserts that he is entitled to habeas relied because there was insufficient evidence to support his guilty plea. Though it is unclear from the petition whether Weinley exhausted his State court remedies with respect to this claim, it does not present a cognizable basis for habeas relief. Under Indiana law, "[a] conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Tin Thang v. State*, 10 N.E.3d 1256, 1258 (Ind. 2014). "A guilty plea is more than a confession which admits that the accused did various acts." *U.S. v. Broce*, 488 U.S. 563, 570 (1989). "It is an admission that he committed the crime charged against him." *Id.* "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *Id.* "[A] valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." *Class v. U.S.*, 138 S.Ct. 798, 805 (2018). Consequently, Weinley's guilty plea necessarily included an admission that he committed criminal confinement and thus constituted sufficient evidence to support his conviction for that offense. Therefore, the claim that insufficient evidence rendered his guilty plea invalid is not a basis for habeas relief.

In his sole remaining claim for habeas relief, Weinley asserts that trial counsel rendered ineffective assistance by allowing him to plead guilty based on the available evidence. He indicates that he has not initiated State post-conviction relief proceedings.

Therefore, he has not exhausted State court remedies with respect to this claim. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed without prejudice. Weinley may file another habeas petition in federal court after exhausting his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The one-year limitations period for federal habeas review began to accrue after Weinley allowed his time to file a petition to transfer his case on direct appeal to the Indiana Supreme Court to expire on June 8, 2020. *See* 28 U.S.C. § 2244(d)(1)(A); Ind. R. App. 57C (forty-five days after adverse decision). Dismissing this case will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this

procedural ruling. Therefore, there is no basis for encouraging Weinley to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 2) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the sole cognizable claim is unexhausted;

(2) DENIES Timothy D. Weinley a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 24, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT